IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10875
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS EULALIO RUIZ,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-11-2-A
- - - - - - - - - - -
May 13, 1998

Before DUHÉ, DeMOSS, and DENNIS, CIRCUIT JUDGES.

PER CURIAM:[1]

Luis Eulalio Ruiz appeals the sentence he received on his guilty-plea conviction for conspiracy to possess with the intent to distribute more than five kilograms of cocaine. We have reviewed the record de novo and find that Ruiz's prior convictions were not part of a single common scheme or plan and were not consolidated for trial or sentencing and thus were not related and therefore counted separately for the career offender enhancement provision. See United States v. Garcia, 962 F.2d 479, 482-83 (5th Cir. 1992).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We find no clear error in the district adopting the findings of the presentence report regarding the amount of drugs attributable to Ruiz over his unsworn assertion that he did not negotiate or agree to the sale of an additional four kilograms of cocaine.  See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994) (citing Fed. R. Crim. P. 32).

We have reviewed for plain error Ruiz's argument raised for the first time on appeal that the district court erred, under United States v. Mergerson, 4 F.3d 337, 346 (5th Cir. 1993), in considering negotiated-for sales of cocaine in determining the amount of drugs attributable for the purposes of invoking the statutory penalty of § 841(b)(1)(A).  See United States v. Rodriguez, 15 F.3d 408, 414-15 (5th Cir. 1994); Fed. R. Crim. P. 52(b).  Because the district court sentenced Ruiz according to the sentencing guidelines, the court did not err in considering the negotiated-for amounts of cocaine for determining the guideline sentence.  See Mergerson, 4 F.3d at 345-46.

Ruiz's motion to supplement the record with evidence not presented to the district court is denied.  See Fed. R. App. P. 10(e).

AFFIRMED; MOTION DENIED.